# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD J. NICHOLAS** )<br>　　Petitioner, )<br>　　　　　　　　　　　　　　) <br>　　　　vs. )<br>　　　　　　　　　　　　　　)<br>**DISTRICT ATTY OF DAUPHIN COUNTY, et al,**)<br>　　Respondent. ) | **C.A. No. 07-65 Erie**<br>**District Judge McLaughlin**<br>**Magistrate Judge Baxter** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the instant petition for writ of habeas corpus be transferred to the Middle District of Pennsylvania.

**II.    REPORT**

This is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by a state prisoner presently incarcerated in the Western District of Pennsylvania. In his petition for writ of habeas corpus, Petitioner claims that he was convicted of various criminal offenses in Dauphin County, Pennsylvania.

Title 28 U.S.C. §2241(d) provides that where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a state court of a state which contains two or more federal judicial districts,

> the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the state court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. §2241(d). See also, Bell v. Watkins, 692 F.2d 999 (5th Cir. 1982) (the district court

transferred the action on the basis of the magistrate's recommendation which indicated that the district where the defendant was convicted was the more convenient forum because of the accessibility of evidence).

In the case at bar, Petitioner was tried and convicted in Dauphin County, Pennsylvania. Petitioner's records are located there. He is presently incarcerated at the State Correctional Institution at Albion within the Western District of Pennsylvania. Dauphin County, the county of the conviction, is located in the Middle District of Pennsylvania. This Court finds that the interests of justice would be better served by transferring this petition to the Middle District of Pennsylvania wherein all activity in this case occurred.

### III.    CONCLUSION

It is respectfully recommended that the petition for writ of habeas corpus be transferred to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §2241(d).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636 (b)(1) (B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.


                                    S/ Susan Paradise Baxter
                                    SUSAN PARADISE BAXTER
                                    CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: April 16, 2007